In re Sophie BAUCKEY, Debtor.

In re Wendy Beth GOLUB, Debtor.

In re Kenneth and Lori
PURYEAR, Debtors.

In re Lucille EVANS, Debtor.

In re Sherry Lee TIFT, Debtor.

In re Gerard DeLEONARDO and Rose
E. Luiz DeLeonardo, Debtors.

Bankruptcy Nos. 87–04743, 87–05067, 87–
05088, 87–05360, 87–06917 and 87–07030.

United States Bankruptcy Court,
D. New Jersey.

Jan. 26, 1988.

Lauria Anna Blanco, Ocean–Monmouth Legal Services, Inc., for petitioners Bauckey, Puryear, Evans, and Tift.

Gerard DeLeonardo and Rose Luiz DeLeonardo pro se.

Bea Witzleben, U.S. Dept. of Justice, for U.S.

WILLIAM H. GINDIN, Bankruptcy Judge.

■ The above matters have been procedurally consolidated as they all involve the identical issue of law. In each case, the debtor filed a declaration under penalty of perjury in support of a request to proceed *in forma pauperis.* Each of the petitions indicates that the petitioner owns no property in excess of the allowable exemption and each of the petitions indicates minimal income insufficient on its face to cover expected expenses.[1]

The basic argument of the debtors herein is grounded in the provisions of 28 U.S.C. § 1915 which provides:

(a) Any Court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor . . .

Such has been the law since the original enactment of that statute in 1948.

In 1973, the Supreme Court in *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) indicated that a person seeking a discharge in bankruptcy was not entitled to rely on § 1915. Justice Blackmun held that the discharge in bankruptcy did not rise to that level of funda-

---

1. In the case of Gerard DeLeonardo and Rose Luiz DeLeonardo, there was some indication of possible future earnings.

14

mental constitutional right that required access to the Court and he specifically stated "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy" 409 U.S. 446, 93 S.Ct. at 638. Under the then existing law, section 14(b)(2) of the former Bankruptcy Act, 11 U.S.C. § 32(b)(2) the Court could only grant a discharge if all filing fees were paid. Justice Blackmun held that § 1915 overrode specific statutes only where there were constitutional issues involved. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). That case could not be extended where there was no overriding constitutional requirement. In *Kras,* there was a rational basis for the determination that filing fees must be paid.

Under the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* fees are payable and the specific requirements are set forth in the Bankruptcy Rules, R–1006. The general requirement under subsection (a) of that rule, requires that "[e]very petition shall be accompanied by the prescribed filing fee ..." and subsection (b) sets forth a procedure pursuant to which filing fees may be paid in installments if the debtor is otherwise unable to pay the full amount. Under the most recent amendments to the statute, Congress evidenced the requirement for fees in a Chapter 11 by making the payment of ongoing fees a precondition to confirmation of a plan. 11 U.S.C. § 1129(a)(12).

Most importantly, in setting the amount of appropriate fees, Congress enacted in 28 U.S.C. § 1930 the following:

(a) *"Notwithstanding section 1915 of this title,* the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court ... the following filing fees ..."* (emphasis added).

Thus under the old act, the duty to pay filing fees was set forth as part of the Bankruptcy Act. In present context, Congress has dealt with the matter as the subject of a separate statute.

■ While there is no doubt that § 1930 and *Kras* are controlling, a second argument also disposes of the case. The Bankruptcy Court is a unit of the District Court under the Bankruptcy Amendments and Federal Judgeship Act of 1984. It is a unit to which the District Court may refer matters by order and in this district, as in all others, the District Court has entered a general order in that regard. The Bankruptcy Court is then one which has been established by the legislature and is presided over by a judge whose term and salary is established by the Congress of the United States pursuant to Article I of the United States Constitution.

Section 1915 refers to "any Court of the United States". Also a part of Title 28 is 28 U.S.C. § 451 which defines a Court of the United States as one which is "created by Act of Congress the judges of which are entitled to hold office during good behavior". In this circuit, the distinction has been made clear in *Matter of Becker's Motor Transp., Inc.,* 632 F.2d 242 (3rd Cir. 1980) *cert. denied, Becker's Motor Transp., Inc., v. Dept. of Treasury, Internal Revenue Service,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981), wherein Judge Adams stated:

Bankruptcy Courts are not included in this enumeration and they are not courts whose judges hold office during good behavior. This suggests that they are not courts of the United States' to which the § 2201 ban on declaring federal tax liabilities applies.

632 F.2d 247. The same point was made in connection with penalties for vexatious litigation under 28 U.S.C. § 1927 in *Matter of Richardson,* 52 B.R. 527 (Bankr.W.D.Mo. 1985).

Thus, even without the imposition of the restriction imposed by § 1930 and the *Kras* case, the Bankruptcy Court, which is not a court of the United States for purposes of § 1915, does not have the authority to waive the filing fees.

In view of the foregoing the motions to waive filing fees in all of the above matters are hereby denied.

Counsel for the debtors is directed to submit an order denying the motion in each of the titled matters.