In re Joseph B. SHUMATE, Jr., Debtor.

Joseph B. SHUMATE, Jr., Plaintiff,

v.

SIGNET BANK, NCNB Financial Services, John H. Miller, Defendants.

Bankruptcy No. 7–84–00549.
Adv. No. 7–88–0022.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Sept. 22, 1988.

Joseph B. Shumate, Jr., Pulaski, Va., pro se.

George R. Pitts, Richmond, Va., for Signet Bank.

James F. Douthat, Roanoke, Va., for NCNB Financial Services.

Charles R. Barnett, Jr., Roanoke, Va., for John H. Miller.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter for decision before the Court involves the question of the right of Joseph B. Shumate, Jr., the debtor herein, to appeal an order of this Court dated April 29, 1988, *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

### Facts

On February 16, 1988, Joseph B. Shumate, Jr. ("Shumate") filed this adversary proceeding in the form of a motion to void an order of this Court dated November 15, 1984. Shumate's ground for voiding the previous order of this Court is that fraud was committed on the Court. In addition, the motion, by separate counts, alleged a

conspiracy to injure Shumate under the Virginia Conspiracy Statute, *Code of Virginia,* § 18.2–499, *et seq.,* and for equitable subordination of the claim of Signet Bank in the bankruptcy proceeding. The prayer for relief requested an award of damages.

All of the defendants filed motions to dismiss the adversary proceeding pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(6). Briefs were filed by all parties and hearing was held on April 13, 1988, on the motions to dismiss. At the conclusion of the arguments, the Court made its findings of fact on the record. Thereafter, an order was entered dated April 29, 1988, granting the motions to dismiss. By motion dated May 11, 1988, Shumate asked this Court to reconsider and amend the order dated April 29, 1988. This Court denied the motion for reconsideration by order dated May 17, 1988, and on May 27, 1988, Shumate filed his notice of appeal. On June 1, 1988, Shumate filed his designation of record on appeal and his motion for leave to proceed on appeal *in forma pauperis.* In conjunction with the motion to proceed on appeal *in forma pauperis,* Shumate filed an affidavit which stated, under oath, that he is not employed, has had no income in the last six months, has cash, checking, and savings of less than $3,000.00, that all of his assets are being administered in his bankruptcy proceeding, and that he has no dependents.

Signet Bank opposed the motion to proceed *in forma pauperis* on three grounds:

1. That the bankruptcy court does not have authority to grant *in forma pauperis* status under 28 U.S.C. § 1915 since it is not a "court of the United States."

2. That Shumate is not proceeding on appeal in good faith; and

3. That Shumate is not financially eligible to proceed on appeal *in forma pauperis.* This last ground of opposition was raised at oral argument.

Hearing on Shumate's motion to proceed *in forma pauperis* was held in Roanoke, Virginia, on June 28, 1988. Shumate testified as to his financial ability and offered Exhibit 3 showing a savings account at Signet Bank having a balance of $33.37 and two checking accounts at the Bank of Speedwell having an average monthly balance of $179.12 and $676.81, respectively. Shumate also testified that he drives a blue Cadillac liened to his brother in the amount of $7,500.00, that he borrows money on the life insurance policies he owns, that he employs a houseboy at $200.00 per week, that he employs a secretary to whom he pays 90¢ per page for typing services, and that he can borrow the money to proceed on appeal if he has to.

Signet Bank filed a brief in support of its opposition to the motion for leave to proceed on appeal *in forma pauperis* on June 27, 1988. Shumate was granted leave of Court to file a written brief in response and filed his brief on July 15, 1988.

### *Law*

█ The first issue for determination by the Court is Signet Bank's challenge to this Court's authority to grant leave to proceed on appeal *in forma pauperis.* Section 1915(a) states that "any court of the United States may authorize the commencement, prosecution or defense of any action, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor...." 28 U.S.C. § 1915(a). Signet argues that the bankruptcy court is not a court of the United States as that term is defined in 28 U.S.C. § 451 which states, in relevant part, as follows:

The term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

28 U.S.C. § 451.

Signet notes both in its brief and at oral argument that the amendments to § 451 of Title 28 which were due to become effective on July 10, 1984, were specifically deleted by § 113 of Public Law 98–353. This deletion, along with many others in the United States Code, arose as a result of the

decision of the Supreme Court in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

This Court has found only one reported decision that addresses the right of a bankruptcy court to grant a motion for leave to appeal *in forma pauperis*. *In re Moore*, 86 B.R. 249 (W.D.Okla.1988), holds that bankruptcy courts do have the authority under 28 U.S.C. § 1915(a). In the *Moore* decision, Judge Bohanon bases his reasoning on the holding in *In re Palestino*, 4 B.R. 721 (Bankr.M.D.Fla.1980), which involved the right of a party to proceed *in forma pauperis* in initiating adversary proceedings in the bankruptcy court. *Moore*, 86 B.R. at 251.

The *Palestino* decision is grounded in an interpretation of 28 U.S.C. § 1930(b). This provision states that "[t]he Judicial Conference of the United States may prescribe additional fees in cases under Title 11 of the same kind as the Judicial Conference prescribes under § 1914(b) of this Title." 28 U.S.C. § 1930(b). Section 1930(a), which immediately precedes the section just quoted provides for the payment of filing fees in specific instances and contains the language "notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the court the following filing fees ...:" 28 U.S.C. § 1930(a). Thus, the *Palestino* court reasoned that § 1930(a) makes § 1915 specifically inapplicable to the original filing fee for a bankruptcy petition. *Palestino*, 4 B.R. at 722. However, § 1930(b) contains no reference to § 1915 and the *Palestino* court states: "It appears that Congress intended the absolute requirement for payment of fees to apply on (sic) where specifically designated." *Id.* Based upon that analysis, the *Palestino* court held that only filing fees for a petition were excluded from the operation of § 1915 and the court was free to use it to deal with *in forma pauperis* motions in adversary proceedings. *Id.* at 723.

In an opinion issued the same day as the *Palestino* opinion, the Bankruptcy Court for the Eastern District of Pennsylvania decided the same issue as the *Palestino* court in the same way but for different reasons. *See In re Sarah Allen Home, Inc.*, 4 B.R. 724 (Bankr.E.D.Pa.1980). In *Sarah Allen*, Judge Goldhaber discussed *in forma pauperis* proceedings under the Act. In addition, he discussed the *in forma pauperis* proceedings under the Bankruptcy Code and described the § 1930 analysis which was used by the *Palestino* court. However, Judge Goldhaber did not rely on the § 1930 analysis since the amendment to 28 U.S.C. § 451, which specifically recited that bankruptcy courts were to be included as "courts of the United States" did not become effective until July 10, 1984. *Id.* at 727. Instead, Judge Goldhaber relied on "the same constitutional arguments which compelled us to allow the filing of adversary complaints *in forma pauperis* under the Act ..." *Id.* Thus, while both the *Palestino* and the *Sarah Allen* decisions allowed proceedings *in forma pauperis* when a litigant initiates an adversary proceeding in the bankruptcy court, neither court wrestled with the language of 28 U.S.C. § 451 which defines a court of the United States. Judge Goldhaber's decision did, by way of *dicta*, indicate his belief that the language of 28 U.S.C. § 451 in 1980 (which is essentially the same language as is present today in the statute) did not make bankruptcy courts "courts of the United States." *Id.* at 726.

A decision contrary to *Palestino* and *Sarah Allen* is *In re Bauckey*, 82 B.R. 13 (Bankr.D.N.J.1988). This decision relies not only on the decision of the Supreme Court of the United States in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), but also on 28 U.S.C. § 1930(a). The *Bauckey* case differs from the *Palestino* and *Sarah Allen* cases since it involves the question of whether a debtor could initiate a bankruptcy proceeding *in forma pauperis*. *Bauckey*, 82 B.R. at 13.

Even though the *Bauckey* court believed that § 1930 and the *Kras* decision were controlling in its case, the bankruptcy court stated that § 1915 was not available to litigants in the bankruptcy court since it is not a court which is "created by Act of Congress the judges of which are entitled

to hold office during good behavior." *Id.* at 14.

This Court has considered the *Bauckey* rationale with respect to § 1915. At the outset, it is to be noted that the *Bauckey* court found § 1930 and the *Kras* opinion to be controlling when dealing with the filing fees for initiating a petition. Thus, this Court deems the statements in the opinion with respect to § 1915 to be *dicta.* This Court declines to follow that *dicta* for two reasons. First, the necessity to proceed *in forma pauperis* on appeal is closely related to the need to have rights adjudicated by the trial court in adversary proceedings. To permit a party to proceed *in forma pauperis* in the initial adversary proceeding, but to deny that status on appeal would be inconsistent and would short circuit access to the entire legal process. Thus, this case is closer to the *Palestino* and *Sarah Allen* cases then it is to the *Bauckey* case.

Second, this Court feels that 28 U.S.C. § 152(e) necessarily implies that a bankruptcy judge does hold office during good behavior: "(e) A bankruptcy judge may be removed during the term for which such bankruptcy judge is appointed, only for incompetence, misconduct, neglect of duty, or physical or mental disability and only by the Judicial Council of the circuit in which the judge's official duty station is located." 28 U.S.C. § 152(e).

As a result of the Bankruptcy Amendment and Federal Judgeship Act of 1984, bankruptcy courts are units of the district court. 28 U.S.C. § 151. In addition, bankruptcy judges are appointed for a term of fourteen (14) years and "shall serve as judicial officers of the United States district court established under Article Three of the Constitution." 28 U.S.C. § 152(a)(1).

28 U.S.C. § 451 requires that the court be created by an Act of Congress, the judges of which are entitled to hold office during good behavior. Bankruptcy judges fit this language. The language of 28 U.S.C. § 451 does not specifically require that judges fall into the category of Article III judges and it does not make good behavior the sole criteria for service. In fact, Article III judges are specifically enumerated in preceding clauses of § 451.

In the case at bar, Shumate wishes to appeal an order of this Court which granted lifting of the automatic stay to permit secured creditors to foreclose on their security rights outside of the bankruptcy proceeding. Thus, it appears that Shumate wishes to litigate, on appeal, issues involving property. It appears to this Court that the rationale offered by Judge Goldhaber in *Sarah Allen* is applicable. To a greater extent, however, this Court is of the opinion that the bankruptcy court does fall within the definition of a court of the United States under 28 U.S.C. § 451 for purposes of proceeding on appeal *in forma pauperis* in an adversary proceeding. Accordingly, Signet's motion to deny the *in forma pauperis* appeal on the ground that this Court is not a court of the United States will be denied.

■ The next issue to be decided by the Court is whether Shumate qualifies to proceed *in forma pauperis* under 28 U.S.C. § 1915. As noted in the fact situation, Shumate has presented his affidavit in connection with his motion to proceed *in forma pauperis.* He also offered testimony at the hearing on June 28, 1988 as to his financial status. The threshold question is one of financial eligibility. *Handley v. Union Carbide,* 622 F.Supp. 1065, 1066 (S.D. W.Va.1985).

The allegation of Shumate's poverty appears in his affidavit. However, § 1915(d) provides, in relevant part; "[t]he court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

Shumate's testimony and the exhibits which he offered at the hearing on June 28, 1988, lead this Court to believe that his poverty is not the kind contemplated by § 1915 for *in forma pauperis* proceedings. For example, Shumate drives a blue Cadillac, he employs a houseboy at $200.00 per week, he has an average monthly balance in the bank in excess of $855.00, and he has borrowing power. The Court also notes that Shumate has litigated extensively in

the bankruptcy court, the district court, and the Fourth Circuit Court of Appeals and has always, apparently, paid for the costs of appeal. Thus, this Court is not satisfied that Shumate qualifies under § 1915 and his motion to proceed *in forma pauperis* will be denied.

An appropriate order will be entered implementing this memorandum opinion.