In re Jon Robert PERROTON, Debtor.

Jon Robert PERROTON, Appellant,

v.

Nancy L.G. GRAY, Appellee.

No. 89–15420.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 17, 1991 *.

Submission Withdrawn Sept. 27, 1991.

Resubmitted Feb. 24, 1992.

Decided March 9, 1992.

Jon Robert Perroton, pro se.

Before CHOY, ALARCON and T.G. NELSON, Circuit Judges.

CHOY, Circuit Judge:

Jon R. Perroton, proceeding *pro se*, appeals from the Bankruptcy Appellate Panel's (BAP) dismissal of his appeal for fail-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

ure to pay the filing fees required by 28 U.S.C. §§ 1930(b) & (c) and from the denial of his related motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Finding that under § 1915(a) the bankruptcy court lacks the authority to waive prepayment of filing fees, we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 1989 the BAP notified Perroton that his appeal would be dismissed unless he paid the $105.00 filing fee required by §§ 1930(b) & (c) (items 9 and 16 on the schedule of fees prescribed by the Judicial Conference of the United States). On January 21, 1989 Perroton filed a motion to pursue his appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).[1] The BAP issued an order on February 15, 1989 denying Perroton's motion and notified him that his appeal would be dismissed unless he paid the filing fee within fifteen days of the date of the order. On March 6, 1989 Perroton filed with the BAP a notice of appeal to this Circuit. Over one month later, on March 22, 1989 the BAP dismissed Perroton's appeal for failure to pay the appropriate filing fee.

On September 27, 1991 this panel ordered the Office of the United States Trustee for the Northern District of California to file an *amicus* brief addressing the question of whether the Supreme Court's holding in *United States v. Kras*, 409 U.S. 434, 440, 93 S.Ct. 631, 635, 34 L.Ed.2d 626

(1973), also applies to the additional fees prescribed by 28 U.S.C. § 1930(b) and (c).[2] *Kras* held that under the Bankruptcy Act all parties were required to pay commencement fees for filing a petition for bankruptcy and that the earlier pauperis statute which contained the same language as § 1915(a), was not applicable to bankruptcy proceedings under the Act. *Kras*, 409 U.S. at 439–40, 93 S.Ct. at 634–35.[3] We asked that, in addition to presenting original research and analysis on this question, the Trustee critique the rationales set forth in a number of cases which either followed, limited, or rejected the holding of *Kras* as applied to §§ 1930(b) & (c) fees and that he examine the legislative history of 1930 to determine whether that history reveals Congress's intent, if any, to render *Kras* applicable to subsections (a), (b), and/or (c). The Trustee filed his *amicus* brief on November 6, 1991 and Perroton failed to file a reply brief although he was given leave to file one.

## ANALYSIS

1. *Caselaw Regarding the Bankruptcy Court as a "Court of United States"*

■ Under § 1915(a) "[a]ny *court of the United States* may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor...." 28 U.S.C. § 1915(a) (emphasis added). Section 451 contains the definitions for various

---

1. Title 28 U.S.C. § 1915(a) provides that:
   Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress....

2. 28 U.S.C. § 1930 provides, in pertinent part, that:
   (a) Notwithstanding section 1915 of this title [28], the parties commencing a case under title 11 shall pay to the clerk the following fees....
   (b) The Judicial Conference of the United States may prescribe additional fees in cases

under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.
   (c) Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or a writ of certiorari $5 shall be paid to the clerk of the court, by the appellant or petitioner....

3. The *Kras* court also held that the requirement that the fee for filing a bankruptcy petition be paid before discharge could be granted was not a denial of due process (or equal protection) because the right to discharge in bankruptcy was not a fundamental right entitled to due process under the Constitution. *Id.* at 444–46, 93 S.Ct. at 637–38.

terms used throughout Title 28. Under that section a "court of the United States" is defined as "the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451.

Only four reported cases have addressed whether a bankruptcy court is "court of the United States" under § 451 in the context of the bankruptcy court's authority to act under § 1915(a). *In re Broady*, 96 B.R. 221 (Bankr.W.D.Mo.1988); *In re Shumate*, 91 B.R. 23 (Bankr.W.D.Va.1988); *In re Bauckey*, 82 B.R. 13 (Bankr.N.J.1988); *In re Sarah Allen Home, Inc.*, 4 B.R. 724 (Bankr.E.D.Pa.1980). Both the *Broady* and *Bauckey* courts denied the petitioners leave to file *in forma pauperis* after concluding that a bankruptcy court is not a "court of the United States" under § 1915(a). The courts reasoned that a "court of the United States," as defined by 451, is one created under Article III of the Constitution and that the provisions of Title 28 relating to a "court of the United States," therefore, are applicable only to Article III courts. *Broady* and *Bauckey*

concluded that, since bankruptcy courts are not Article III courts whose judges are entitled to hold office during good behavior, they lack the authority to waive prepayment of filing fees under § 1915(a). *Broady*, 96 B.R. at 222–23;[4] *Bauckey*, 82 B.R. at 14;[5] *see Sarah Allen*, 4 B.R. at 726–27.[6] Similarly, a number of courts have held that a bankruptcy court is not a "court of the United States" under § 451 and therefore lacks the authority to act under other sections of Title 28 where this phrase is used. *In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1221 (8th Cir. 1987) (questionable whether a bankruptcy court is a "court of the United States" under 451 and therefore it lacks power to award attorney fees under 28 U.S.C. § 1927); *In re Memorial Estates*, 116 B.R. 108, 110 (Bankr.N.D.Ill.1990) (a bankruptcy court *is not* a "court of the United States" under 451 and thus has no power under 28 U.S.C. § 1927); *In re Richardson*, 52 B.R. 527, 531–32 (Bankr.W.D.Mo.1985) (same); *see In re Becker's Motor Transp.*, 632 F.2d 242, 246–47 (3d Cir.1980) (bankruptcy court not a "court of the United States" under 451 and therefore it is not prohibited under 28 U.S.C. § 2201 from issuing declaratory relief with respect to tax liability), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67

---

4. In *Broady* the debtor requested leave to prosecute her appeal *in forma pauperis* and to not pay the filing fee required for the notice of appeal. *Broady*, 96 B.R. at 222. The *Broady* court discussed the Supreme Court's decision in *Kras* but ultimately based its decision that a bankruptcy court could not waive fees on appeal on the fact that it is not a "court of the United States" within the meaning of § 1915(a). *Id.* at 222–23.

5. The *Bauckey* court addressed the question of whether a debtor could *initiate* a bankruptcy proceeding *in forma pauperis* under the Bankruptcy Code. The court offered two reasons for declining the request. The court first noted that the Supreme Court's holding in *Kras* and the language of § 1930(a) (which expressly states that "[n]otwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay the clerk" certain filing fees) dictated that filing fees to initiate bankruptcy proceedings could not be waived. *Id.* at 13–14. The court then added that "[w]hile there is no doubt that § 1930 and *Kras* are controlling, a second argument also disposes of the case." *Bauckey*, 82 B.R. at 14. This second ground reasoned that the bankruptcy court is not a "court of the

United States" which can waive fees pursuant to § 451 and thus lacked authority to act under § 1915(a) which only refers to "any court of the United States." *Id.*

6. *Sarah Allen* addressed whether an indigent *creditor* who brings an *adversary complaint* in a pending bankruptcy proceeding could proceed *in forma pauperis* (under either the Bankruptcy Act or the Bankruptcy Code). The court decided the question on a constitutional ground. It concluded that *Kras's* constitutional holding did not control and that to deny these parties, who were seeking to protect their property through an adversary proceeding, access to the court simply because of their inability to pay the filing fees would be an unconstitutional deprivation of property without due process. *Sarah Allen*, 4 B.R. at 725, 727. Before deciding the question on constitutional ground the court concluded that it lacked authority to permit filing of adversary complaints *in forma pauperis* under § 1915(a) because the bankruptcy court was not a "court of the United States" as defined in § 451. *Id.* at 726–27.

L.Ed.2d 341 (1981); [7] *see also In re Korhumel Indus., Inc.,* 103 B.R. 917, 920–21 (Bankr.N.D.Ill.1989) (although a bankruptcy court is not a "court of the United States" and lacks power to grant declaratory judgments under 28 U.S.C. § 2201 it does have the power to do so under 28 U.S.C. § 157(a) because the new Bankruptcy Code contemplates this type of delegation). *But see In re TCI Ltd.,* 769 F.2d 441, 448–49 (7th Cir.1985) (affirming bankruptcy court order of sanctions under 28 U.S.C. § 1927 without even considering whether the bankruptcy court is a "court of the United States" under 451); *In re Chisum,* 68 B.R. 471, 473 (Bankr. 9th Cir. 1986) (same), *aff'd on other grounds,* 847 F.2d 597, *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988); *In re Wonder Corp. of America,* 109 B.R. 18, 27–28 (Bankr.Conn.1989) (citing *TCI Ltd.* and *Chisum* as support for holding that the bankruptcy court is a "court of the United States" under § 451 and thus has power to act under 28 U.S.C. § 1927).

*Shumate* is the only case holding that a bankruptcy court is a "court of the United States" under § 451 and thus that it has the authority to waive fees under § 1915(a).[8] In *Shumate* the debtor filed a petition to appeal an order of the bankruptcy court *in forma pauperis* under § 1915(a) and the defendant argued that the bankruptcy court is not a "court of the United States" under § 451 and therefore lacked the authority to grant leave to proceed *in forma pauperis.* The defendant noted that in the Bankruptcy Act of 1978

Congress amended § 451 to include the bankruptcy court as "court of the United States," but that the amendment was deleted before it took effect. *See infra* section 3 (discussing the legislative history of § 451). The defendant contended that this deletion indicated that the bankruptcy court was not intended to be a "court of the United States" under § 451.

In reaching its conclusion the *Shumate* court discussed the decisions in *Sarah Allen, In re Palestino,* 4 B.R. 721 (Bankr. M.D.Fla.1980),[9] and *Bauckey.* The court noted that according to its reading of *Bauckey,* the *Bauckey* court found that *Kras* and 1930(a) controlled when dealing with the issue of a bankruptcy court waiver of filing fees for initiating a petition for bankruptcy and that the statement in *Bauckey* regarding the bankruptcy court as a "court of the United States" under § 1915(a) was therefore dictum. *Shumate,* 91 B.R. at 26. The court declined to follow that dictum for two reasons. First, the court concluded that the case before it was more like *Palestino* and *Sarah Allen* than *Bauckey* because the need to proceed *in forma pauperis* on appeal is related closely to the need to have rights adjudicated by the trial court in adversary proceedings and that it would be incongruous to allow a party to proceed *in forma pauperis* in the initial proceeding and yet deny it on appeal. *Id.* at 26. Second, the court concluded that bankruptcy judges are judges entitled to "hold office during good behavior" under § 451. The court based this conclusion on the language of 28 U.S.C. §§ 152(e),[10]

---

**7.** Title 28 § 2201 provides that: "In the case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 ..., *any court of the United States* ... may declare the rights and other legal relations of any interested party seeking such declaration...." (emphasis added).

**8.** The United States Trustee in his *amicus* brief cites *Shumate* as support for his contention that a bankruptcy court is a "court" under § 451, but discussed neither the court's rationale nor the other cases that have reached a contrary conclusion.

**9.** *Palestino,* like *Sarah Allen,* involved the right of a party to proceed *in forma pauperis* under

§ 1915(a) in initiating an adversary proceeding in bankruptcy court. The *Palestino* court reasoned that because § 1930(b) did not contain the same "notwithstanding section 1915(a)" language as § 1930(a), the prohibition against waiver only applied to filing fees and that the court was free to waive fees under § 1915(a) when confronted with *in forma pauperis* motions in adversary proceedings. *Palestino,* 4 B.R. at 722–23. Notably, *Palestino* did not discuss whether a bankruptcy court was a "court of the United States" under § 451.

**10.** This section provides that: "A bankruptcy judge may be removed during the term for which such bankruptcy judge is appointed, only for incompetence, misconduct, neglect of duty, or physical or mental disability and only by the

151,[11] and 152(a)(1)[12] and on the fact that the language of § 451 neither specifically requires that the judges of a "court of the United States" be Article III judges nor, does it make good behavior the only condition for their service. *Id.* at 26.

### 2. *Examining the Statutory Language*

■ When interpreting a statute a court first must examine the statutory language. *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). If the language of the statute is clear and unambiguous, judicial inquiry is complete and that language controls absent rare and exceptional circumstances. *Id.; Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). Moreover, in statutes that contain statutory definition sections it is commonly understood that such definitions establish meaning where the terms appear in that same Act. 2A Norman J. Singer, Sutherland on Statutory Construction, 47.07 (4th ed. Supp.1991); *Colautti v. Franklin,* 439 U.S. 379, 392 n. 10, 99 S.Ct. 675, 684 n. 10, 58 L.Ed.2d 596 (1979). Thus, in determining the meaning of "court of the United States" in § 1915(a) we look to the definition of that phrase as it is set out in § 451.

It is unclear from the plain language of § 451 exactly what Congress meant by courts the "judges of which are entitled to hold office during good behavior." *Id.* § 451. *Shumate* argued that § 152(e) in particular implies that bankruptcy judges hold office during good behavior. In reaching this conclusion, however, the *Shumate* court failed to note that the good behavior language in § 451 essentially is a term of art. Notably, this language mirrors that contained in Article III of the Constitution which provides that "[t]he Judges, both of the supreme and inferior courts, shall *hold their Offices during good Behavior."* U.S. Const. art. III, § 1 (emphasis added). The "good behavior" clause guarantees that Article III judges enjoy life tenure, subject only to removal by impeachment. *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 59, 102 S.Ct. 2858, 2865, 73 L.Ed.2d 598 (1982); *United States ex rel. Toth v. Quarles,* 350 U.S. 11, 16, 76 S.Ct. 1, 4, 100 L.Ed. 8 (1955). That Congress used Article III language in § 451 supports the view that legislators intended a "court of the United States" to be an Article III court whose judges have life tenure and may only be removed by impeachment. Bankruptcy judges are Article I not Article III judges. *See Marathon,* 458 U.S. at 60–61, 102 S.Ct. at 2865–66 (plurality opinion of Brennan, J. joined by Marshall, Blackmun, and Stevens, JJ.); *id.* at 89, 102 S.Ct. at 2880 (Rehnquist, J. joined by O'Connor, J., concurring in judgment). They are appointed for a term of fourteen years and may be removed from office during that term only "for incompetence, misconduct, neglect of duty, or physical or mental disability." 28 U.S.C. § 152(a)(1) & (e). Thus, in light of this apparent link between the language of § 451 and that of Article III, the *Shumate* court's "good behavior" argument is flawed.

### 3. *Legislative History of Section 1915(a)*

■ A review of the legislative history of § 451 and the evolution of the definition of a "court of the United States" further supports a determination that a bankruptcy court is not included under that section. Where statutory language is unclear, rules of statutory construction authorize use of extrinsic aids such as legislative history to assist in construing legislative intent. *See generally* Singer, *supra,* at § 48.01–48.20

---

judicial council of the circuit in which the judge's official duty station is located...." 28 U.S.C. § 152(e).

**11.** Section 151 entitled "Designation of bankruptcy courts" provides in pertinent part that: "In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court...." 28 U.S.C. § 151.

**12.** This section, which is entitled "Appointment of bankruptcy judges," concludes that "Bankruptcy judges shall serve as judicial officers of the United States district court established under Article III of the Constitution...." 28 U.S.C. § 152(a)(1).

(discussing legislative history as an extrinsic aid). Thus, because the "good behavior" portion of § 451 arguably is ambiguous, a review of the legislative history of the section is helpful in discerning Congress's intended meaning.

Although the available legislative materials relating to the initial passage of the section provide no insight in this regard,[13] a 1978 amendment to § 451 in The Bankruptcy Reform Act indicates that Congress did not intend a bankruptcy court to be included as a "court of the United States" under § 451. This Act amended the portion of § 451 defining a "court of the United States" by adding "and bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years." Pub.L. No. 95–598, Title II, § 213, 92 Stat. 2668 (Nov. 6, 1978) (effective June 28, 1984 pursuant to Pub.L. No. 95–598, Title IV, 402(b), 92 Stat. 2682 (Nov. 6, 1978) as amended).[14] The amendment was intended to "mak[e] the generally applicable provisions of Title 28 applicable to bankruptcy courts and to bankruptcy judges, the same as they apply to all other judges and courts established under title 28." H.R.Rep. No. 95–595, 95th Cong., 1st Sess., § 213 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The amendment, however, (which was to become effective on June 28, 1984) was eliminated by a subsequent amendment before it took effect. Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), Pub.L. No. 98–353, Title I, § 113, 98 Stat. 333, 343 (July 10, 1984) (substituting "shall not be effective" for "shall take effect on June 28, 1984").

The fact that Congress initially amended § 451 explicitly to add bankruptcy courts whose judges are entitled to hold office for a term of fourteen years supports the assertion, already made above, that the "good behavior" language of § 451 included only Article III courts and not Article I bankruptcy courts. The ultimate rejection of this addition by a subsequent amendment is further indication that Congress did not intend § 451 to include the provisions embodied in the rejected amendment. Singer, *supra*, at § 48.18; *Tahoe Regional Planning Agency v. McKay*, 769 F.2d 534, 538 (9th Cir.1985). This legislative history further illustrates that the *Shumate* court erred in concluding that a bankruptcy court is a "court of the United States" under the "good behavior" language of § 451 by virtue of §§ 151, 152(A)(1), and 152(e). This is particularly true because §§ 151 and 152 were added to Title 28 in the same law that nullified the express addition of the bankruptcy court to § 451. BAFJA, Pub.L. 98–353, Title I, 104(a), 98 Stat. 336 (July 10, 1984). The *Shumate* theory, thus, is reduced to nonsense. It would have Congress deleting its earlier amendment, which *expressly added* the bankruptcy court to § 451, and instead have the legislature choosing to *impliedly* include the bankruptcy court in that definition under the section's "good behavior" language through a number of other scattered provisions regarding the bankruptcy court!

### 4. Other Arguments

The second part of the *Shumate* court's rationale for why a bankruptcy court has authority to waive fees also is flawed. *Shumate*, involved a debtor seeking to appeal an order of the bankruptcy court *in forma pauperis*, arguing that the need to proceed *in forma pauperis* on appeal from an adversary proceeding is related closely to having those rights adjudicated by the trial court, and to permit *in forma pauperis* status in the initial proceeding, but not

**13.** House Comm. on the Judiciary Revision of Title 28, United States Code, H.R.Rep. No. 308, 80th Cong., 2d Sess., sec. 451, at A51–A52 (1947); Senate Comm. on the Judiciary, Revising, Codifying, and Enacting Into Law Title 28 of the United States Code, Entitled "Judicial Code and Judiciary," S.Rep. No. 1559, 80th Cong., 2d Sess. (1948).

**14.** The new section would have read:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior, and bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years.

on appeal would be inconsistent and "short circuit" access to the entire legal process. *Shumate,* 91 B.R. at 26.[15]

Although the rules promulgated by the Judicial Conference may be inconsistent, that does not change the fact that, since a bankruptcy court is not a "court of the United States" within the meaning of § 1915(a), it has no authority to act under that section and thus is powerless to remedy the incongruity. *But see Palestino,* 4 B.R. at 722 (arguing that the bankruptcy court has statutory authority under § 1915(a) which applies in all federal court proceedings *including* bankruptcy, and the Judicial Conference does not have the sole power to determine whether adversary filing fees can be waived and could not nullify this statutory authority).

A question also can be raised as to why Congress included the language "[n]otwithstanding section 1915" in § 1930(a) if the bankruptcy court already lacked the authority to act under § 1915(a) by virtue of its exclusion from the definition of "court of the United States" in § 451. Congress added 1930 as part of the Bankruptcy Reform Act of 1978 which created the Bankruptcy Code. P.L. No. 95–598, Title II, § 246(a), 92 Stat. 2671 (Nov. 6, 1978). The Supreme Court decided *Kras* in 1973 under the provisions of the old Bankruptcy Act. The inclusion of the "notwithstanding" language in § 1930(a), therefore, can be explained as Congress's effort to clarify that the holding in *Kras* remained valid under the new Code and, as such, filing fees required for commencement of a bankruptcy petition under §§ 301, 302, or 303 could not be waived and that petitions to proceed *in forma pauperis* under § 1915(a) would not be entertained in this context. 6 William L. Norton, Norton Bankruptcy Law &

Practice, Rule 1006, editor's cmts., at 27–28 (Supp.1991).

A number of courts also have reasoned that the absence of the "notwithstanding" language in §§ 1930(b) and (c) necessarily reflects congressional intent to permit the bankruptcy court to waive subsection (b) and (c) fees under § 1915(a). *Palestino,* 4 B.R. at 722; *In re Moore,* 86 B.R. 249, 250–51 (Bankr.W.D.Okla.1988); *In re Weakland,* 4 B.R. 114, 115 (Bankr.Del.1980). *But see In re Brickey,* 119 B.R. 786, 786–87 (Bankr.D.Or.1990) (reading the "notwithstanding" language of § 1930(a) into §§ 1930(b) and (c) but without offering an explanation as to why it does so). As a general rule, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 302, 78 L.Ed.2d 17 (1983); *see West Coast Truck Lines v. Arcata Comm. Recycling Center,* 846 F.2d 1239, 1244 (9th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *Arizona Elec. Power Co-op v. United States,* 816 F.2d 1366, 1375 (9th Cir.1987).[16] The inclusion of the "notwithstanding" language in § 1930(a) admittedly *reinforces* congressional intent that a bankruptcy court cannot waive those commencement fees under § 1915(a). The absence of the "notwithstanding" language in §§ 1930(b) and (c), however, cannot be construed as indicative of congressional intent to permit waiver under those sections given the clearer implication to the contrary evidenced by Congress's decision *not to include* the bankruptcy court in § 451 as a "court of the United States." None of the above-cited cases that relied on Congress's omission in §§ 1930(b) and (c) took this

---

**15.** Pursuant to 28 U.S.C. § 1930(b) the Judicial Conference Schedule of Fees provides that if the plaintiff filing an adversary complaint is a debtor he is not required to pay the $120 fee prescribed by § 1914(a). Judicial Conference Schedule of Fees, at no. 6, *reprinted in,* 28 U.S.C. § 1930. That schedule also requires a $100 fee for docketing a proceeding on appeal or review from a final judgment of a bankruptcy judge.

There are, however, no exceptions and this fee must be paid by *all* appellants. *Id.* at no. 16.

**16.** The United States Trustee argues that "In the issue at bar, Congress provided another pregnant silence in section 1930(b) and (c). This leads to the ineluctable conclusion that section 1915(a) applies to fees prescribed by section 1930(b) and (c)." *Amicus* Brief at 8.

additional fact into account. *But see Bauckey*, 82 B.R. at 14. Congressional silence in §§ 1930(b) and (c), under these circumstances, cannot overcome the stronger implication to the contrary embodied in the legislative history of § 451.

Finally, even if a bankruptcy court is not a "court of the United States" under § 451 and thus lacks direct authority to act under § 1915(a), it could be argued that the bankruptcy court nonetheless has the authority to waive fees under 28 U.S.C. § 157(a). Section 157(a) provides that: "any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Thus, notwithstanding its lack of authority to act under § 1915(a), it could be argued that the bankruptcy court may waive fees because, in delegating the authority to the bankruptcy court to hear a case under Title 11, the district court also delegates its authority to entertain a petition to proceed *in forma pauperis* under § 1930(b) or (c).[17] This argument, however, also fails given the clear expression of congressional intent to exclude the bankruptcy court from those courts authorized to waive fees under § 1915(a) given the legislative history of § 451 discussed above. This conclusion is bolstered by the fact that § 157 was passed into law in the same piece of legislation that deleted the bankruptcy court language from § 451. BAFJA, P.L. No. 98–353, Title I, § 104(a), 98 Stat. 340 (July 10, 1989).

## CONCLUSION

Thus, because the bankruptcy court is not a "court of the United States" under the definition of that phrase contained in § 451 and does not have the authority to waive fees under § 1915(a), we affirm the BAP's dismissal of Perroton's case for failure to pay the appropriate filing fee.

AFFIRMED.

---

**17.** *See* Norton, *supra,* at 28 (the fact that bankruptcy courts are "units" of the district court, which is subject to section 1915(a), coupled with the referral provision in section 157(a) argues for the bankruptcy court to be able to waive fees under 1915(a)); *cf. In re Korhumel Indus., Inc.,* 103 B.R. 917, 921 (N.D.Ill.1989) (although 28 U.S.C. section 2201 does not authorize bankruptcy courts to issue declaratory judgments Bankruptcy Code section 157(b)(1) and Bankruptcy Rule 7002 contemplate delegation of the district court's authority to do so under 157(a)).