In re Merritt Kent YOCHUM, Rose
Marie Yochum, Debtors.

UNITED STATES of America, Appellant,

v.

Merritt Kent YOCHUM and Rose
Marie Yochum, Appellees.

No. CV–N–93–131–ECR.

United States District Court,
D. Nevada.

July 3, 1993.

Monte N. Stewart, J. Scott Moede, Washington, DC, for U.S.I.R.S.

David Horton, Carson City, NV, for Yochum.

### *ORDER*

EDWARD C. REED, Jr., District Judge.

This Order addresses an appeal from the Bankruptcy Court Order dated January 6, 1993 granting the debtors' motion to determine the amount of the debtor's claim for litigation costs and awarding $31,237.05 in litigation costs to said debtors. The award of attorneys fees was made pursuant to 26 U.S.C. § 7430 which states in relevant part:

> "In any ... court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for ... reasonable litigation costs ..."

The United States, appellant in this matter, asserts that: 1) the debtors' motion was not timely filed; 2) the Bankruptcy Court abused its discretion in concluding that the position of the United States (Internal Revenue Service) was not "substantially justified" and that the debtors exhausted their administrative remedies prior to bringing suit; and 3) the Bankruptcy Court lacks the authority to enter judgment for attorneys fees under 26 U.S.C. § 7430.

It is first necessary to determine the threshold issue of whether or not the Bankruptcy Court has authority for purposes of awarding costs and fees under 26 U.S.C. § 7430. "Court proceeding" is defined in the statute (26 U.S.C. § 7430) as "any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)." 26 U.S.C. § 7430(c)(5). So, in essence, the statute reads:

> "In any ... [civil action brought in a **court of the United States** (including the Tax Court and the United States Claims Court)] which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for ... reasonable litigation costs ..." (emphasis added).

The IRS submits that the bankruptcy court is not considered a "court of the United States" for purposes of awarding attorney's fees under 26 U.S.C. § 7430 because it is not an Article III Court and therefore that subject matter jurisdiction is lacking.

The judicial power extended to non-Article III courts is an unsettled area of the law. The Ninth Circuit has yet to address the issue of whether a bankruptcy court is a "court of the United States" for the purposes of 26 U.S.C. § 7430 or its predecessor—the Equal Access to Justice Act.[1] Other Circuit Courts are divided on the issue. In *In re Brickell Investment Corp.*, 922 F.2d 696, 701 (11th Cir.1991) the court held that the bankruptcy court does not have jurisdiction to award attorneys fees under 26 U.S.C. § 7430. However, in *O'Connor v. U.S. Dept of Energy*, 942 F.2d 771 (10th Cir.1991) the court explicitly

---

1. In 1980 Congress enacted the Equal Access to Justice Act (EAJA) in attempt to remedy the deficiencies of the Allen Amendment, the Act repealed the prior statute governing attorney fee awards in tax cases. However, coverage of tax cases under EAJA was brought directly under the Internal Revenue Code in 1982. The attorney fee provision under the Internal Revenue Code, the statute relevant to this matter, became effective on February 28, 1983 as part of the Tax Equity and Fiscal Responsibility Act of 1982.

rejected the reasoning in *Brickell* and holds that a bankruptcy court has jurisdiction to award fees under EAJA 28 U.S.C. § 2812.

Arguments have been made by bankruptcy courts in defense of the bankruptcy court's authority to award fees pursuant to 26 U.S.C. § 7430. *See In re Kreidle*, 145 B.R. 1007 (Col.1992); *In re Chambers*, 131 B.R. 818 (N.D.Ill.1991) aff'd in part rev'd in part 140 B.R. 233 (N.D.Ill.1992); *In re Germaine*, 152 B.R. 619 (9th Cir. BAP 1993). However, delegation of such authority requires scrutiny, particularly in light of holdings in the Ninth Circuit Court and Supreme Court with regard to the limited authority of bankruptcy courts. Also of consideration is that the "American Rule" is a fiercely protected tradition in our courts, in that it is the general rule that each party bear its own litigation costs. Any statutory exception to this rule must be interpreted precisely.

For a bankruptcy court to have jurisdiction under § 7430, it must be considered a "court of the United States" as required by the statute. The Ninth Circuit has held with respect to statutes other than 26 U.S.C. § 7430, that the phrase "court of the United States" should be interpreted to mean an Article III court and has looked to, and relied on, 28 U.S.C. § 451 for such definition. In *In re Perroton*, 958 F.2d 889 (9th Cir.1992) the court held that the Bankruptcy Court is not a "court of the United States" within the meaning of a statute allowing any court of the United States to permit court proceeding without requiring payment of fees and costs, and thus lacks authority to waive payment of statutorily required filing fees. It is undisputed that a bankruptcy court is not an Article III Court. *See Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 60–61, 102 S.Ct. 2858, 2865–66, 73 L.Ed.2d 598 (1982).

The reasoning in *Perroton, supra* is consistent with the proper interpretation of § 7430. A look into the legislative history of § 7430 reveals that the term "a court of the United States" within the statute is meant to be interpreted as "any court described in 28 U.S.C. § 451 or the Tax Court." H.R.Rep. No. 97–404 97th Cong., 1st Sess., n. 1 at 12 (1981).[2] A review of the legislative history of § 451 and the evolution of the definition of a "court of the United States" further supports a determination that a bankruptcy Court is not included under that section. A 1978 amendment to § 451 in the Bankruptcy Reform Act was proposed that would include "bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years" to the definition of "court of the United States". The fact that this proposal was ultimately rejected by subsequent amendment is indication that Congress did not intend § 451 to include the provisions embodied in the rejected amendment. *In re Perroton*, at 894 *citing* Pub.L. No. 95–598, Title II § 213, 92 Stat. 2661 (Nov. 6, 1978) (effective June 28, 1984 pursuant to Pub.L. No. 95–598, Title IV, 402(b), 92 Stat. 2682 (Nov. 6, 1978) as amended).

The fact that § 7430 expressly extended jurisdiction to the Tax Court and the Claims Court lends further support to the argument that these non-Article III courts would not have otherwise been given jurisdiction under the rubric of a "court of the United States" for purposes of awarding fees under § 7430.

Accordingly, this Court finds that because the bankruptcy courts are not an Article III courts, they cannot be considered a "court of the United States" for purposes of awarding fees under § 7430.

■ There are two possible means by which the bankruptcy court might resolve a matter regarding attorneys fees. The first would be for the bankruptcy court to hear the proceeding and submit proposed find-

---

**2.** The 9th Circuit BAP in *In re Germaine, supra* finding that the bankruptcy court did have jurisdiction to award fees, determined that *Perroton* was not binding because the § 451 definition of "court of the United States" did not apply to

§ 7430. We are unable to make this jump considering the legislative history that specifically cites § 451 for the definition of "a court in the United States."

ings of fact and conclusions of law to the District Court. This Court will then adopt the court proceeding as an action brought in this Court for purposes of the statute and render final judgment after considering the bankruptcy judge's proposed findings and conclusions. Alternatively, the bankruptcy court may hear and decide the issue as a "related matter" pursuant to 28 U.S.C. § 157(c)(2) with the express consent of the parties. Clearly the parties in this case do not consent to this matter. Thus it would be appropriate for the Bankruptcy Court to enter proposed finding and conclusions with regard to the attorneys fees.

In the Bankruptcy Court's proposed findings and conclusions the Court's application of the elements of 26 U.S.C. § 7430 must be clearly explained for this Court's review. Specifically at issue in the case at hand is whether or not the debtors filed their claim in a timely manner, whether or not they exhausted their administrative remedies and whether or not the IRS was substantially justified in its investigation.

This Court will treat the Bankruptcy Court's decision of January 6, 1993 as proposed findings of fact and conclusions of law and tailor the following analysis accordingly.

■ With regard to the timeliness of the claim filed, the 30 day filing deadline (now a part of the statute) was not included in § 7430 at the time the debtors filed their motion for attorneys fees. Furthermore, the local Rule 205, subd. 18 requiring that any motion for fees be filed within 30 days of entry for final judgment cannot restrict the general statute at issue particularly in light of the facts of this case where the timing and disposition of final judgment is in dispute. The Bankruptcy Court's decision to consider the debtors' motion as timely will not be altered by this Court.

■ With regard to the exhaustion of administrative remedies, before a taxpayer is entitled to a recovery of litigation costs, the court must first determine that the administrative remedies prescribed by the Internal Revenue Service have been exhausted. 26 U.S.C. § 7430(b)(1). In this connection, the IRS has issued regulations defining when administrative remedies are considered exhausted. 26 C.F.R. § 301.-7430–1.

Under the regulations, a taxpayers administrative remedies will generally be considered exhausted by the IRS if the taxpayer has been granted and participated in an Appeals Office Conference. 26 C.F.R. § 301.7430–1(b). However, there are four exceptions to the exhaustion requirement. Administrative remedies need not be pursued if:

1) The IRS sends written notice to the taxpayers stating that is unnecessary to pursue administrative appeal;

2) the taxpayer, through no fault of his own, does not receive the necessary preliminary notice before a tax court petition is filed;

3) in a civil action for a refund involving a tax matter other than one under Section 6703 and 6694, the taxpayer, through no fault of his own, does not receive either the necessary preliminary notice of the proposed disallowance or no notice that an IRS Appeal Office conference has been granted; or

4) in a civil action for a refund involving tax matter under section 6703 and 6694, the taxpayer, through no fault of his own does not receive the necessary preliminary notice of the proposed disallowance or, within six months after the claim is filed, the claim is not denied and there is no IRS Appeals Conference.

In addition, has been judicially determined that an estate in an estate tax case may be excused from exhausting administrative remedies when there is insufficient time to appeal before the imposition of an assessment. *Boatmen's First National Bank of Kansas City v. United States,* 723 F.Supp. 163 (W.D.Mo.1989).

The transcript for the hearing on this matter (Transcript of proceedings before the Honorable James H. Thompson United States Bankruptcy Judge October 6, 1992 hereinafter "transcript") indicates that pur-

suant to the facts in this case, no administrative remedy was available to the debtors after they filed for bankruptcy (and it would have been too late to exhaust any remedy after the property was seized even if a remedy did exist). (Transcript p. 28). In addition, the IRS did not offer any showing of the requisite notice or offer any procedural remedies to the debtors. When asked what remedies were made available, the IRS offered that they "could have tried to contact the IRS and tried to work it out with them." (Transcript p. 28). The bankruptcy Court's determination that the debtors did not fail to exhaust administrative remedies will not be altered by this Court.

■ Only the "prevailing party" is entitled to a fee award under the Internal Revenue Code and only the taxpayer (not the government or a creditor of the taxpayer) can be a prevailing party. A determination that a taxpayer has prevailed may be made by the court or by the agreement of the parties. 26 U.S.C. § 7430(c)(2)(B)(i) and (ii). In order to be considered as having prevailed, the taxpayer must either substantially prevail "with respect to the amount in controversy" or substantially prevail with respect to the most significant issue or set of issues presented. 26 U.S.C. 7430(c)(2)(A)(ii)(I) and (II). The amount in controversy in this matter started with an assessment by the IRS of $480,000.00 and dwindled to an assessment of approximately $1,400,000. The bankruptcy judge found that debtors were undoubtedly the prevailing party and this finding will not be disturbed.

■ However, even when the taxpayer is the prevailing party, an award for reasonable litigation costs may be denied. Under the statue as it existed prior to the Tax Reform Act of 1986, the prevailing taxpayer had to establish that the government's position was "unreasonable." The 1986 Act (relevant to these proceedings) changed this standard to provide that the government's position "was not substantially justified." Under either provision, the burden of proof is on the taxpayer. The test for reasonableness or substantial justification goes to the position the IRS

took in the original litigation and not to a separate evaluation of the justification of its position concerning fees or the fee litigation.

Under the prior statute, the courts were split as to whether the "unreasonable position" of the government referred to its prelitigation position or the position it took in court. With the enactment of the Tax Reform Act of 1986, Congress has settled the issue by providing that for the government to avoid an award of attorney's fees both its prelitigation position and its position in court must be "substantially justified." It is this test of substantial justification relating to both prelitigation and litigation activity that applies to this matter.

■ In the case at hand, the bankruptcy court made only a passing statement regarding the protraction of the litigation as cutting against the government's substantial justification. (Transcript p. 36). While there is some authority that the IRS's failure to investigate taxpayers claim or to reevaluate its own position as new facts come to light is evidence of lack of substantial justification, *see Frisch v. C.I.R.*, 87 T.C. 838, 1986 WL 22038 (1986) no finding was specifically made going to this point in this case. "The government's position is substantially justified for purposes of an attorney fee award in a tax proceeding when it is justified to a degree that would satisfy a reasonable person." *Heasley v. C.I.R.*, 967 F.2d 116 (1992).

■ In order to determine whether the IRS has a reasonable position in this matter and should be liable for costs, it is necessary to focus further inquiry on whether there was legal and factual support for the government's position. Supporting evidence is necessary to show that the government's actions in pursuing this case were not substantially justified. This Court will review the bankruptcy court's decision as to whether or not the government's position was substantially justified for abuse of discretion. *See Bertolino v. C.I.R.*, 930 F.2d 759, 761 (9th Cir.1991) citing *Pierce v. Underwood*, 487 U.S. 552,

559–63, 108 S.Ct. 2541, 2547–49, 101 L.Ed.2d 490 (1988).

**IT IS, THEREFORE, HEREBY ORDERED** that the bankruptcy court's decision is ***REMANDED.***

**IT IS FURTHER ORDERED THAT** the Bankruptcy Court enter proposed findings of fact and conclusions of law on the award of litigation costs, specifically including findings of why the IRS's actions were not substantially justified, to this Court for review.