NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MICHEAL DAVID SOTO AND KALONI<br>RAE WILLIAMS-SCOW,<br>　　　　　　Debtors. | BAP No. MT-20-1192-TBG<br><br>Bk. No. 2:20-bk-20082<br><br>Adv. No. 2:20-ap-02006 |
| JACOB SMITH,<br>　　　　　Appellant,<br>v.<br>MICHEAL DAVID SOTO; KALONI RAE<br>WILLIAMS-SCOW,<br>　　　　　　Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the District of Montana
Benjamin P. Hursh, Bankruptcy Judge, Presiding

Before: TAYLOR, BRAND, and GAN, Bankruptcy Judges

　　　Appellant Jacob Smith asserted a substantial claim against debtor
Michael David Soto, sued him in state court, and obtained entry of
Mr. Soto's default. Before entry of judgment, however, Mr. Soto filed
bankruptcy.

---

　　　* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

Mr. Smith then commenced a timely adversary proceeding seeking to avoid Mr. Soto's discharge of his claim under 11 U.S.C. §§ 523(a)(6) and (11). But he did not pay the adversary proceeding filing fee. Given his incarcerated status, he credibly claims that he could not afford to do so.

Thus, even though the bankruptcy court gave him an opportunity to remedy this defect, he failed to do so, and the bankruptcy court dismissed his adversary proceeding. Mr. Smith appealed.

Mr. Smith argues on appeal that he was entitled to a filing fee waiver. Before the bankruptcy court, he relied on 28 U.S.C. § 1930(f). But that statutory fee waiver relates only to the filing fee paid by a chapter 7 debtor and required to initiate a chapter 7 bankruptcy case. It does not broadly allow a fee waiver to other parties including creditors.

Further, while Congress gave the Judicial Conference the ability to more broadly allow bankruptcy fee waivers, the Judicial Conference has never promulgated a fee waiver for a creditor filing a nondischargeability action. See 28 U.S.C. § 1930(f)(3); Guide to Judiciary Policy, Vol. 4, Ch. 8 (available at https://www.uscourts.gov/sites/default/files/vol04_ch08.pdf ). So, Mr. Smith cannot rely on any statute or Judicial Conference enactment to support his fee waiver request.

Finally, the bankruptcy court had no independent discretion to allow a fee waiver. An Article I court has no ability to waive required fees. *See Perroton v. Gay (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992).

As a result, the bankruptcy court had no discretion to allow the fee waiver and necessarily could not have abused its discretion or otherwise erred in dismissing the case as a consequence. We note that the bankruptcy court acted cautiously and allowed Mr. Smith an extended time to pay the fee. And the record is devoid of any evidence or argument that Mr. Smith could have paid the fee if additional reasonable delay was allowed.

We AFFIRM.