**In re Gene E. MEULI, Debtor.**

**Bankruptcy No. 90–40609–12.**

United States Bankruptcy Court,
D. Kansas.

Nov. 8, 1993.

Gene E. Meuli, pro se.

### MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

The debtor, Gene E. Meuli, filed a pleading entitled "Objection to Order Dismissing Lodged Notice of Appeal and Motion For Reconsideration" on July 16, 1991. Debtor appears *pro se.* There are no other appearances.

The Court finds that this proceeding is core under 28 U.S.C. § 157. The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984.

Having reviewed the pleadings and considered debtor's arguments, the Court overrules the objection and denies the motion to reconsider.

Debtor's objection and motion to reconsider relate to several orders previously entered by the Court. On March 28, 1990, debtor filed a voluntary Chapter 12 petition. No filing fee was paid at that time. However, debtor filed an application to pay his filing fee in installments and the Court granted that request by order entered March 29, 1990. The order gave debtor until July 28, 1990, to pay the filing fee.

On July 30, 1990, debtor filed a request to extend the time to pay the filing fee. The Court granted the debtor's request on August 13, 1990, and ordered that the fee be paid by September 24, 1990.

On March 7, 1991, the Court ordered debtor to show cause why the case should not be dismissed for failure to pay the filing fee. Debtor filed a response to the show cause order on March 25, 1991, requesting that the Court allow him to proceed *in forma pauperis* and excuse him from paying the Chapter 12 filing fee.

The Court heard arguments on March 27, 1991, and denied debtor's request to be excused from paying the required Chapter 12 filing fee. At that same hearing, the Court

granted the motion of the United States to dismiss the case, finding that the debtor had not paid the required filing fee and had not complied with the requirements of Chapter 12. The Court granted the debtor ten (10) days to convert to a Chapter 7 case and pay the required filing fee or the case would be dismissed.

The order dismissing the case was entered on April 16, 1991. On April 24, 1991, debtor filed his "Notice of and to Amend and Consolidate Appeals." By this pleading, debtor sought to appeal the Court's dismissal order and to combine this appeal with an appeal of a previous order regarding stay relief.

On May 10, 1991, the Court found that the Bankruptcy Court did not have jurisdiction to consolidate the appeal of the previous order with an appeal of the April 16, 1991, order. The order directed debtor to properly perfect his appeal of the April 16, 1991, order within ten (10) days or the Bankruptcy Clerk would issue a Certificate of Non–Compliance.

On May 16, 1991, debtor submitted his "Notice of Appeal" which the Bankruptcy Clerk stamped as "Lodged" because no appeal filing fee accompanied it. The Court issued a Certificate of Non–Compliance on June 5, 1991, finding that debtor had failed to properly perfect his appeal of the order entered on April 16, 1991, because the filing fee had not been paid and debtor had not filed a motion to proceed *in forma pauperis.*

Debtor filed a pleading entitled "Objection to Certificate of Non–Compliance, Motion to Strike or Set–Aside [sic] Certificate of Non–Compliance, Notice of Address Change" on June 18, 1991. In that pleading, debtor contended that the Certificate of Non–Compliance incorrectly stated that he had not filed a motion to proceed *in forma pauperis.* Debtor noted that the Court had denied his *in forma pauperis* motion in its order of April 16, 1991, and he therefore disputed the Court's finding in the Certificate of Non–Compliance that he had not filed such a motion.

On July 3, 1991, the Court entered an order dismissing the lodged Notice of Appeal, again finding that the debtor had not paid the required filing fee or filed a motion to proceed *in forma pauperis.* This brings the Court to the issue currently before it, the debtor's pleading entitled "Objection to Order Dismissing Lodged Notice of Appeal and Motion for Reconsideration" filed July 16, 1991.

Debtor's objection to the order of dismissal and motion to reconsider refers again to the previous *in forma pauperis* motion. The debtor contends that the motion to dismiss was improper because he had filed his motion to proceed *in forma pauperis.* The record shows that in March 1991, in response to the Court's show cause order, debtor filed a motion to proceed *in forma pauperis,* asking the Court to waive the fee which was to have been paid at the time debtor's Chapter 12 proceeding was filed. The Court denied this request, finding that it did not have authority to waive the payment of this fee.

However, the record shows that at no time prior to the pleading filed on July 16, 1991, did debtor move the Court for an order allowing him to proceed *in forma pauperis* in regard to an appeal of the order of April 16, 1991. This is despite the fact that the Court pointed out deficiencies in debtor's notice of appeal several times—in its order of May 10, 1991; again in its order of June 5, 1991; and again in its order of July 3, 1991. Furthermore, if debtor were relying on his previous motion to proceed *in forma pauperis,* debtor's own pleadings note that the Court denied this request in April 16, 1991, order.

Debtor also asks that his objection and motion to reconsider be treated as a motion to proceed *in forma pauperis* and he has attached as Exhibit "A" to his objection an Application to Proceed *In Forma Pauperis.* The Court finds that the application is too little, too late. The previous orders of the Court clearly inform debtor of his obligation to properly perfect his appeal by paying the appeal filing fee or by filing a motion to proceed *in forma pauperis.* Debtor did not request leave to proceed *in forma pauperis* until two months after entry of the order which he now seeks to appeal and that request comes after the Court has dismissed the "Lodged" notice of appeal. Accordingly, the Court finds the request untimely.

Additionally, even if the Court were to find that the request was timely, the motion to proceed *in forma pauperis* would still be

denied. The United States District Court for the District of Kansas in *In re Laurence Lee Keiswetter,* Case No. 86–4385–R (D.Kan. Oct. 30, 1987), has held that 28 U.S.C. § 1915 on *in forma pauperis* proceedings applies to the filing of a bankruptcy appeal. The court stated, "[B]efore permitting an appeal to be brought *in forma pauperis,* the court shall require a certification by the bankruptcy judge that the appeal is not frivolous and does present a substantial question." *Id.* at 2.

The order which debtor seeks to appeal is an order of dismissal for failure to pay the required filing fee and for denial of his request to have the filing fee waived under an *in forma pauperis* standard. The Court ruled on this issue after considering the pleadings and oral arguments of debtor. The plain language of 28 U.S.C. § 1930 requires payment of the filing fee and debtor has offered no legal basis for his request that he be excused from such payment except the fact that he was allowed to proceed *in forma pauperis* in a case captioned *Meuli v. United States of America,* Case No. 91–1018–C (Debtor's Answer to Court's Order to Show Cause and Application to Proceed *In Forma Pauperis* filed March 25, 1991, at 1). Accordingly, the Court cannot certify that the appeal is not frivolous and that it presents a substantial question, as required by the District Court.

Additionally, debtor's application to proceed *in forma pauperis* is incomplete. The application does not include debtor's affidavit nor does it state the issues debtor intends to present on appeal; it states simply that he is "self-employed" and fails to describe the source of his income as requested in question number two.

Accordingly, debtor's objection to the order dismissing the lodged notice of appeal is overruled and debtor's motion for reconsideration is denied.

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.