**Edward C. KNITTEL, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. 1:07–cv–01213–JDB.**

United States District Court,
W.D. Tennessee,
Eastern Division.

Aug. 27, 2010.

---

Edward C. Knittel, Trenton, TN, pro se.

Benjamin Weir, United States Department of Justice, Washington, DC, for Defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY 32) ORDER DENYING PLAINTIFF'S MOTION IN OPPOSITION (DOCKET ENTRY 33) ORDER OF DISMISSAL AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

J. DANIEL BREEN, District Judge.

On November 30, 2007, Plaintiff Edward Knittel filed a complaint against the Defendant, Internal Revenue Service ("IRS") appealing the denial of certain requests he made under the Freedom of Information Act (FOIA), 5 U.S.C. § 551, *et sec.*, and alleging violations of his right to due process in conjunction with IRS' administrative proceedings. On March 25, 2008, the IRS filed an answer to the complaint.

On January 5, 2009, the IRS filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, or in the alternative for summary judgment, under Fed.R.Civ.P. 56. On January 21, 2009, Knittel responded to the motion. On July 20, 2009, 2009 WL 2163619, the Court denied the motion with regard to Plaintiff's July 26, 2007 FOIA requests, but granted it as to all other claims. With regard to Plaintiff's FOIA requests, the Court held the IRS failed to make a sufficient evidentiary showing to establish that a specific exception applied to the materials requested.

On October 2, 2009, the IRS filed a renewed motion for summary judgment contending it had produced all relevant documents and, as such, Plaintiff's FOIA action was moot. On October 14, 2009, Plaintiff submitted a motion in opposition to Defendant's motion for summary judgment which the Court will construe as his response. On December 31, 2009, the IRS sought leave to reply to Plaintiff's response, which on December 31, 2009, the Court granted. The IRS' reply is docket-

ed as Exhibit A to the motion for leave to file.

Summary judgment is appropriate "if ... there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). As the United States Supreme Court has explained:

> In our view, the plain language of Rule 56(c)[2] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When ruling on a motion for summary judgment the court may consider "pleadings, the discovery and disclosure materials on file, and any affidavits...." Fed. R.Civ.P. 56(c)(2). Under Fed.R.Civ.P. 56(e)(2), "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." In considering a motion for sum-

mary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986), *reh'g denied* (Oct. 6, 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A genuine issue of material fact exists "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also id.* at 252, 106 S.Ct. 2505 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict...."); *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348 ("When the moving party has carried its burden under Rule 56(c)[2], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. 2505. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## I. *Relevant Facts*

The relevant facts are as follows: [1]

---

**1.** Local Rule 7.2(d)(3) provides:

the opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied

pursuant to subsection (2) above shall respond to the proponent's numbered designations, using the corresponding serial numbering, both in the response and by

1. Plaintiff Knittel made the following four FOIA requests:
 A. Each of their IRS identification document [sic] such as they are required to have that identifies them by name and position held and such other information there contained.
 B. Each of their pocket commissions.
 C. Each of their IRS form 5873 filed to grant them an IDRS account.
 D. Each of their Delegation of Authority Order(s) granting them authority to execute returns under the authority granted the Secretary in 26 U.S.C. 6020(c).
2. The IRS denied these requests because: (a) it took the position that 5 C.F.R. § 293.111 enumerates an exhaustive list of information that is publicly available via a FOIA request; and (b) that the requested information falls under Exception 6 of FOIA, which exempts "personnel and medical files and similar files" from disclosure. (Declaration of Carlton King, D.E. No. 32–2, at para. 6.)
3. Based on the Court's Order that a "sufficient evidentiary showing" was lacking in the IRS' motion to dismiss or for summary judgment, Carlton King, attorney in the Office of Chief Counsel, Procedure & Administration, Branch 6, IRS, performed searches to identify documents and spoke with IRS employees tasked with issuing and tracking pocket commissions and those employees administering access to the IRS' IDRS database. (King Decl. at paras. 8–9, 11, 13.) Carlton King's searches led to the following results,

in alphabetical order corresponding to Plaintiff's FOIA requests:
 A. The Service is not aware of any "IRS identification document" that contains the information requested. (King Decl. at para. 9.) Therefore, either no such document exists or Knittel has not made his FOIA request in a manner permitting the IRS to identify responsive documents. (*Id.*)
 B. The employees for which Knittel requested information have not been issued pocket commissions, therefore the requested records do not exist. (*Id.* at para. 11.)
 C. Form 5873 is an obsolete form that the Service ceased using in the late 1980s. (*Id.* at para. 13.) As a result, no Form 5873s are contained within the IRS' files regarding the three employees for which Knittel has requested information. (*Id.* at para. 13.)
 D. Service Delegation Orders are publicly available on the Service's website and, as such, FOIA does not require the Service to produce them pursuant to a FOIA request. (*Id.* at para. 14.) Regardless, a copy of the relevant Delegation Order, as contained within the IRS' website, is produced as Exhibit B to the King Declaration.

(D.E. No. 32–1 at 2–3.)

II. *Relevant Law and Analysis*

■ Under FOIA, federal government agencies are required to make certain classes of information available to the public upon request. *See* 5 U.S.C. § 552(a).

---

attaching to the response the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designated material facts are at issue.

Plaintiff has not complied with L.R. 7.2(d)(3). Therefore, the Court adopts Defendant's statement of material facts as undisputed.

To enforce FOIA provisions, courts may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, "[u]nder 5 U.S.C. § 552(a)(4)(B)[,] federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989).

Defendant moves for summary judgment because it claims that it has complied with FOIA. Plaintiff opposes the motion, contending that the IRS' search was insufficient, that it should not have taken two years and the filing of this lawsuit to obtain responses to his requests, and that the response to his fourth request is inadequate.[2] Defendant replied to Plaintiff's response with additional details regarding the IRS' search and by attaching a copy of the original Delegation Order No. 182, which provides Plaintiff with less information than that contained within the text of the Delegation Order as reprinted on the IRS' website.[3]

■ In a FOIA action, the facts are viewed in a light most favorable to the requester of information. *See Becker v. IRS*, 34 F.3d 398, 405 (7th Cir.1994), *reh'g denied* (Dec. 12, 1994). The agency bears the burden to establish that materials sought by the plaintiff have not been improperly withheld. *See Tax Analysts*, 492 U.S. at 142 n. 3, 109 S.Ct. 2841. "[The] agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir.2001), *reh'g denied* (Sept. 7, 2001). Where the plaintiff alleges that the agency improperly withheld documents through its failure to locate them, the agency's burden is to establish that it conducted an adequate search that failed to produce the requested records. *See Perry v. Block*, 684 F.2d 121, 127 (D.C.Cir.1982). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C.Cir.1986). Furthermore, a search is adequate if it is "reasonably calculated to discover the requested documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C.Cir.1991); *see also Rugiero*, 257 F.3d at 547 ("The FOIA requires a reasonable search tailored to the nature of the request.").

■ Should a court find that the agency sustained its burden of demonstrating that it conducted a reasonable search that failed to uncover any relevant documents, the burden shifts to the plaintiff to make a showing of agency bad faith sufficient to impugn the agency's affidavits. *See Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir.1994). "[A]gency actions are normally entitled to a presumption of good faith," but "[t]his presumption

---

2. Plaintiff also requests costs associated with filing this action. 5 U.S.C. § 552(a)(4)(E) provides that a court may award attorney's fees and costs if a plaintiff "substantially prevail[s]" in his FOIA lawsuit. Knittel is not an attorney and as the following analysis shows, has not substantially prevailed in this lawsuit.

Plaintiff's request is denied and will not be further addressed.

3. The original Delegation Order does not contain the "Note" to the Delegation Order that designates additional persons who have had authority delegated to them.

may be overcome where there is evidence of bad faith in the agency's handling of the FOIA request." *Jones v. FBI,* 41 F.3d 238, 242 (6th Cir.1994).

In the present case, the IRS contends that its search was adequate with respect to Plaintiff's four requests. In support of its assertion, Defendant provides the declaration of Carlton King, an attorney in the Office of Chief Counsel, Procedure & Administration, Branch 6, IRS. Knittel does not directly respond to King's declaration. He contests the adequacy of the search with respect to items A and D and argues generally that the agency has demonstrated bad faith in its responses to all requests. For the purposes of the determination of Defendant's motion, the Court will assume that Plaintiff contests the adequacy of the search for all requests, A–D.

■■■ One circuit court of appeals has held that "declarations supplying facts indicating that the agency has conducted a thorough search ... are sufficient to sustain the agency's burden" of undertaking a reasonable search that failed to uncover any relevant documents. *Carney,* 19 F.3d at 812 (footnote omitted). On an agency's motion for summary judgment, a declaration "from an agency employee responsible for supervising a FOIA search is all that is needed ...; there is no need for the agency to supply affidavits from each individual who participated in the actual search." *Id.* at 814. In addition, declarations "submitted by an agency are accorded a presumption of good faith." *Id.* at 812 (internal quotations omitted).

■■■ An agency's declarations will be inadequate, however, if they are conclusory and not "relatively detailed." *See Weisberg v. U.S. Dep't of Justice,* 627 F.2d 365, 370 (D.C.Cir.1980). Accordingly, the declarations should "identify the searched files and describe at least generally the structure of the agency's file system" which renders any further search unlikely to disclose additional relevant information. *Church of Scientology of Cal. v. IRS,* 792 F.2d 146, 151 (D.C.Cir.1986).

■■■ In his declaration, King stated that as part of his official duties, he is familiar with the documents at issue in this lawsuit. He also related that after receiving the Court's ruling that the agency had not made a sufficient evidentiary showing that exemption 6 to FOIA relating to personnel, medical, and similar files applied to Plaintiff's requests, he conducted a search of the IRS' records concerning the requests. The following pertinent portions of his affidavit detail the results of his search:

9. Regarding plaintiff's first request, the description provided does not describe any known type of document. We are not aware of any "IRS identification document" that employees are required to have that contains the requested information. As stated, the Service has provided plaintiff with the names and position titles of the identified employees. The requested documents do not exist, or, alternately, we are unable to identify them from the description provided.

10. Regarding plaintiff's second request, for the employees' pocket commissions, it is the position of the Service that pocket commissions are not available under FOIA under exemption 6. In addition, section 11.3.13.9.19 of the Internal Revenue Manual states the following regarding requests for copies of pocket commissions:

Requests for copies of the actual pocket commission shall be denied citing [FOIA exemption] (b)(3) in conjunction with 18 U.S.C. 701.

Section 701 of Title 18 relates to unauthorized distribution of likenesses of official badges or insignia.

11. As a result of the court's Order in this case, I spoke with employees in the Service's office charged with issuing and tracking pocket commissions in the office where the three named employees work. I was informed that not all Service personnel are issued pocket commissions. According to Service records, the three employees contained within plaintiff's FOIA request have not been issued pocket commissions. Therefore, the requested records do not exist.

12. Regarding Plaintiff's request for Forms 5873 for the three employees, it is the Service's position that these records would fall under exemption 6 of FOIA as a personnel file or similar file.

13. As a result of the court's Order, I spoke to a representative of the office of the Service charged with administering access to the IDRS computer records system. According to this representative, although an electronic version of a blank form 5873 is available via the Service's intranet, Form 5873 is an obsolete form that the Service ceased using in the late 1980s. Therefore, no Forms 5873 are on file for the three employees. A blank copy of the form is attached as Exhibit A.

14. Regarding the fourth item requested by plaintiff, Servicewide Delegation Orders are publicly available through the Service's website or other means. While the FOIA does not require the Service to produce publicly available documents or to conduct research on behalf of a requester, I have attached a copy of Delegation Order 182, relating to the Service's authority to execute returns hereto as Exhibit B.

(King Decl., D.E. No. 32–2 at paras. 9–14.)

Additionally, in response to Knittel's contention that King provided a "copy of a transcript of a delegation order" rather than a copy of the "delegation order," and, notwithstanding the IRS' position that it is not required to produce the original Delegation order, a copy was produced. (*See* Second King Decl., D.E. No. 34–3 at 5.)

King is an agency employee who is familiar with agency defense of FOIA requests, is familiar with Plaintiff's FOIA requests, and is familiar with the documents at issue. In response to this Court's previous order, King conducted a search of the IRS records related to Plaintiff's requests to determine if the requested documents existed, and if so, if the documents were covered by exemption 6 to FOIA. King details why employee identification cards were not produced in response to Plaintiff's request; the cards do not state the "position held" by the employees and are not within the scope of Plaintiff's request. Furthermore, the cards contain private, personal information protected by exemption 6 to FOIA. *See U.S. Dep't of State v. Washington Post Co.,* 456 U.S. 595, 601, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982). The Court determines that King's declaration is made in good faith, is not conclusory, is relatively detailed, and is adequate to sustain Defendant's burden of establishing that it conducted a reasonable search.

 Because the declaration is adequate, the burden shifts to Plaintiff to make a showing of agency bad faith sufficient to impugn the agency's declarations. Despite Plaintiff's pejorative characterizations of Defendant's employees, searches, and responses, he fails to make such showing. He complains that the process has

been too lengthy. The Court agrees with Plaintiff that determining the basis for the IRS' claims of exemptions and its responses is a time consuming process. However, this necessarily follows from the broad nature of Plaintiff's requests. FOIA does not require an agency to create documents that do not exist or to collect disparate data and then generate an agency record. *See Kissinger v. Reporters Comm.,* 445 U.S. at 152, 100 S.Ct. 960 ("The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."). The continued production of documents and responses, even when not required by law, attest to Defendant's good faith. Plaintiff has not introduced evidence or affidavits demonstrating bad faith.

The IRS has produced those documents, where they exist, that are responsive to Plaintiff's requests and that are subject to production under FOIA. No further production is required and this action is now moot. Defendant's renewed motion for summary judgment is GRANTED. Plaintiff's motion in opposition is DENIED.

## III. *Appellate Issues*

The Court must also consider whether Plaintiff should be allowed to appeal this decision in *forma pauperis,* should he seek to do so. The court of appeals requires that the district court determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir.1999).

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R.App. P. 24(a). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* with-

out further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R.App. P. 24(a)(4)-(5).

■ The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Id.* The same considerations that lead the Court to grant Defendant's motion for summary judgment and dismiss this case compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis.* Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED.