In re Barbara Jean SMITH,
pro se, Debtor.

Michigan First Credit Union, Plaintiff,

v.

Barbara Jean Smith, pro se, Defendant.

Bankruptcy No. 12–51813.
Adversary No. 12–5492.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

July 8, 2013.

Tamara A. White, Holzman Corkery, PLLC, Southfield, MI, for Plaintiff.

Kurt Thornbladh, Thornbladh Legal Group, PLLC, Dearborn, MI, for Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

THOMAS J. TUCKER, Bankruptcy Judge.

This adversary proceeding is before the Court on Defendant Barbara Jean Smith's ("Defendant's") application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (the "Application"),[1] on her appeal to the district court of three bankruptcy court orders: (i) the Court's "Opinion and Order Dismissing Defendant's 'Compulsory Counter–Claim[s],' and Denying Plaintiff's Motion the Dismiss the Counterclaims as Moot," filed on April 10, 2013;[2] (ii) the Court's "Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment; and Judgment Determining that (1) Defendant's Debt to Plaintiff is Nondischargeable Under 11 U.S.C. § 523(a)(6) and (2) the Permanent Injunction Entered by the State Court is not Discharged or Affected by Debtor's Discharge in Her Chapter 7 Bankruptcy Case," filed on May 30, 2013;[3]

---

1. Docket # 133; *see also* Docket # 140 (Affidavit in Support [of] Motion to Appeal in Forma Pauperis).

2. Docket # 106; Docket # 125 (Notice of Appeal).

3. Docket # 122; Docket # 126 (Notice of Appeal).

and (iii) the "Order ... Denying Certain Motions," filed May 31, 2013[4] (collectively the "Dispositive Orders").

▆ For purposes of this Order, the Court will assume that a bankruptcy court has authority under 28 U.S.C. § 1915(a)(1) to grant this type of application to proceed *in forma pauperis*.[5] Even with that assumption, the Court must deny the Application, because the Court finds and concludes that the Defendant's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

▆ Section 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The good faith standard [under 28 U.S.C. § 1915(a)(3) ] is an objective one." *Randolph v. Unnico Integrated Facilities Servs. Cargill*, No. 10–2919–STA, 2012 WL 1022264, at *3 (W.D.Tenn.2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962)); *see also Falkner v. United States Government*, No. 13–2299–JDT–cgc, 2013 WL 2422633, at *1 (W.D.Tenn. June 3, 2013) (discussing the good faith standard under Fed. R.App. P. 24(a)(3), which provides that a party may not proceed on appeal in forma pauperis if "the district court—before or after the notice of appeal is filed—certifies that

the appeal is not taken in good faith") (citation omitted). The "good faith" standard has been described variously as meaning that the appeal is not frivolous; or that it presents a substantial question. *See Falkner*, 2013 WL 2422633, at *1 ("The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.") (citation omitted); *Knittel v. I.R.S.*, 795 F.Supp.2d 713, 721 (W.D.Tenn. 2010) (same); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999) ("After [the affidavit with the] required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal."); *United States v. Merritt (In re Merritt )*, 186 B.R. 924, 930 (Bankr.S.D.Ill.1995) ("The 'good faith' requirement is an objective one based on the legal merit of the issues sought to be appealed.") (citations omitted); *In re Meuli*, 162 B.R. 327, 329 (Bankr.D.Kan.1993) (" '[B]efore permitting an appeal to be brought *in forma pauperis*, the court shall require a certification by the bankruptcy judge that the appeal is not frivolous and does present a substantial question.' ") (citation omitted).

For the same reasons why the Court entered each of the Dispositive Orders, the Court concludes that Defendant's appeal is

---

4. Docket # 124; Docket # 127 (Notice of Appeal).

5. There is a split of authority on whether 28 U.S.C. § 1915(a) applies to bankruptcy courts. *Compare United States v. Kras*, 409 U.S. 434, 440, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (Bankruptcy Act) (stating that " § 1915(a) is not now available in bankruptcy"); and *Perroton v. Gray (In re Perroton )*, 958 F.2d 889, 893–896 (9th Cir.1992) (holding that bankruptcy courts do not have authority to act under 28 U.S.C. § 1915(a), because a bankruptcy court is not a "court of the United States" within the meaning of this statute), *with In re Meuli*, 162 B.R. 327, 328 (Bankr.D.Kan.1993) ("The United States District Court for the District of Kansas in *In re Laurence Lee Keiswetter*, Case No. 86–4385–R (D.Kan. Oct. 30, 1987), has held that 28 U.S.C. § 1915 on *in forma pauperis* proceedings applies to the filing of a bankruptcy appeal."); *Nieves v. Melendez (In re Melendez )*, 153 B.R. 386, 388 (Bankr.D.Conn.1993) (refusing to interpret 28 U.S.C. § 1915(a) "as prohibiting bankruptcy judges from deciding *in forma pauperis* motions"); and *Shumate v. Signet Bank, NCNB (In re Shumate )*, 91 B.R. 23, 26 (Bankr.W.D.Va.1988) (holding that bankruptcy courts have authority to act under 28 U.S.C. § 1915(a), because a bankruptcy court is a "court of the United States" within the meaning of this statute).

frivolous, and does not present a substantial question. Therefore, the appeal does not meet the good faith standard of 28 U.S.C. § 1915(a)(3).

Accordingly,

IT IS ORDERED that:

1. The Application (Docket # 133) is denied; and

2. The Court certifies to the district court that under 28 U.S.C. § 1915(a), Defendant's appeal of the Dispositive Orders is not taken in good faith.