**In re Rachael Shannay McCLENDON, pro se, Debtor.**

**No. 13–49506.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed Jan. 15, 2014.

---

## OPINION AND ORDER DENYING DEBTOR'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOCKET # 33)

THOMAS J. TUCKER, Bankruptcy Judge.

This case is before the Court on an application by Debtor Rachael McClendon to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (the "Application"),[1] on her appeal to the district court[2] of this Court's order entitled "Order Dismissing Case" (Docket # 28, the "Dismissal Order").

For purposes of this Order, the Court will assume that a bankruptcy court has authority under 28 U.S.C. § 1915(a)(1) to grant this type of application to proceed *in forma pauperis*.[3] Even with that assumption, the Court must deny the Application, because the Court finds and concludes that the Debtor's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

■ In *Michigan First Credit Union v. Smith (In re Smith)*, 499 B.R. 555, 556 (Bankr.E.D.Mich.2013), this Court explained:

Section 28 U.S.C. § 1915(a)(3) provides: **"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The good faith standard [under 28 U.S.C. § 1915(a)(3) ] is an objective one."** *Randolph v. Unnico Inte-*

---

1. Docket # 33.

2. Docket # 31 (Notice of Appeal).

3. In *Michigan First Credit Union v. Smith (In re Smith)*, 499 B.R. 555, 556 n. 5 (Bankr. E.D.Mich.2013), this Court stated:

   There is a split of authority on whether 28 U.S.C. § 1915(a) applies to bankruptcy courts. *Compare United States v. Kras*, 409 U.S. 434, 440, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (Bankruptcy Act) (stating that "§ 1915(a) is not now available in bankruptcy"); and *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893–896 (9th Cir.1992) (holding that bankruptcy courts do not have authority to act under 28 U.S.C. § 1915(a), because a bankruptcy court is not a "court of the United States" within the meaning of this statute), *with In re Meuli*, 162 B.R. 327,

328 (Bankr.D.Kan.1993) ("The United States District Court for the District of Kansas in *In re Laurence Lee Keiswetter*, Case No. 86–4385–R (D.Kan. Oct. 30, 1987), has held that 28 U.S.C. § 1915 on *in forma pauperis* proceedings applies to the filing of a bankruptcy appeal."); *Nieves v. Melendez (In re Melendez)*, 153 B.R. 386, 388 (Bankr. D.Conn.1993) (refusing to interpret 28 U.S.C. § 1915(a) "as prohibiting bankruptcy judges from deciding *in forma pauperis* motions"); and *Shumate v. Signet Bank, NCNB (In re Shumate)*, 91 B.R. 23, 26 (Bankr.W.D.Va.1988) (holding that bankruptcy courts have authority to act under 28 U.S.C. § 1915(a), because a bankruptcy court is a "court of the United States" within the meaning of this statute).

grated *Facilities Servs. Cargill,* No. 10–2919–STA, 2012 WL 1022264, at *3 (W.D.Tenn.2012) (citing *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962)); *see also Falkner v. United States Government,* No. 13–2299–JDT–cgc, 2013 WL 2422633, at *1 (W.D.Tenn. June 3, 2013) (discussing the good faith standard under Fed. R.App. P. 24(a)(3), which provides that a party may not proceed on appeal in forma pauperis if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith") (citation omitted). **The "good faith" standard has been described variously as meaning that the appeal is not frivolous; or that it presents a substantial question.** *See Falkner,* 2013 WL 2422633, at *1 ("The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.") (citation omitted); *Knittel v. I.R.S.,* 795 F.Supp.2d 713, 721 (W.D.Tenn.2010) (same); *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999) ("After [the affidavit with the] required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal."); *United States v. Merritt (In re Merritt),* 186 B.R. 924, 930

(Bankr.S.D.Ill.1995) ("The 'good faith' requirement is an objective one based on the legal merit of the issues sought to be appealed.") (citations omitted); *In re Meuli,* 162 B.R. 327, 329 (Bankr.D.Kan. 1993) (" '[B]efore permitting an appeal to be brought *in forma pauperis,* the court shall require a certification by the bankruptcy judge that the appeal is not frivolous and does present a substantial question.' ") (citation omitted).

*Id.* (bold added); *see also Smith v. Michigan First Credit Union,* Case No. 13–13030 (E.D.Mich. August 13, 2013) (Edmunds, J.) (Docket # 6)(in this context, "good faith means 'not frivolous' ").

■ The Dismissal Order in this case was not entered in error, and was within the Court's discretion under 11 U.S.C. §§ 707(a)(1), 707(a)(2),[4] and 105(a).[5] The Court begins with a review of the order entered in this case at Docket # 13 ("Order Denying Debtor's Application for Waiver of the Chapter 7 Filing Fee"). In that order (Docket # 13), the Court denied Debtor's application to waive the filing fee for this case, because the Court concluded from Debtor's Schedules B and C, "that on the petition date, Debtor had sufficient exempt assets from which to pay the filing fee, namely, a tax refund in the amount of $7,300.00." [6] The order required Debtor

---

4.  Sections 707(a)(1) and (a)(2) provide:
    (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees or charges required under chapter 123 of title 28[.]
    11 U.S.C. §§ 707(a)(1), 707(a)(2).

5.  Section 105(a) provides:
    (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest

shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
11 U.S.C. § 105(a).

6.  28 U.S.C. § 1930(f)(1) provides:
    (f)(1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by

to pay her filing fee no later than September 5, 2013.

Debtor did not pay the filing fee, in any part, so on September 19, 2013, the Court entered an order entitled "Order to Show Cause on Dismissal of Case for Failure to Pay Filing Fee" (Docket# 17), which required Debtor to appear before the Court on October 2, 2013, and "show cause why the case should not be dismissed pursuant to Bankruptcy Rule 1017(b)(1) and 11 U.S.C. Section 707(a)(2)" for Debtor's failure to pay the $306.00 filing fee. The Court held the show-cause hearing on October 2, 2013 and Debtor appeared. (*See* Docket #19 for audio of the October 2, 2013 hearing.) During the hearing, Debtor presented no argument or evidence as to why she could not have paid the $306.00 filing fee out of her $7,300.00 tax refund. Rather, Debtor requested that the Court give her an additional two months to pay the filing fee, and the Court granted that request. On October 3, 2013, the Court entered an order entitled "Order Conditionally Dissolving Show Cause Order (Re-garding Filing Fee)" (Docket #20, the "October 3, 2013 Order"), which provided in relevant part: "IT IS ORDERED that the Show–Cause Order is dissolved, on the following condition. Debtor must pay the $306.00 filing fee for this case no later than December 2, 2013, **or this case will be dismissed without further notice or hearing.**" (Emphasis added).

Still, Debtor did not pay the filing fee in any part. Instead, on November 25, 2013, Debtor filed a motion entitled "Motion to Set Aside Order Dissolving Show Cause, to Stay Proceedings, and For Additional Time to File Notice of Appeal" (Docket #21, the "November 25 Motion"). In the November 25 Motion, Debtor stated only that "Debtor remains impoverished and therefore unable to [pay the $306.00 filing fee]." Debtor did not explain in the November 25 Motion why she could not pay the $306.00 filing fee out of her exempt tax refund in the amount of $7,300.00. On December 6, 2013, the Court construed the November 25 Motion as a motion for re-

the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved **and is unable to pay that fee in installments.** For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7. (Emphasis added). "As contained in 28 U.S.C. § 1930(f), the authority to waive filing fees is permissive, not mandatory." *In re Brooks*, 475 B.R. 343, 346 (Bankr.W.D.N.Y. 2012). "[28 U.S.C. § 1930(f)(1) ] is unequivocal that an individual must both have income that is less than 150% of the income official poverty line, and be unable to pay the chapter 7 filing fee in installments. The second prong of the test must be resolved through the Court's consideration of the totality of the circumstances presented." *In re Kauffman*, 354 B.R. 682, 685 (Bankr.D.Vt.2006). "The

[d]ebtor bears the burden of proving by a preponderance of the evidence that his circumstances satisfy both requirements of the fee waiver provision. Thus, the [d]ebtor must establish that his income is below 150% of the poverty line and that he is unable to pay the filing fee in installments." *In re Machia*, 360 B.R. 416, 418 (Bankr.D.Vt.2007) (citations omitted); *see also In re Brooks*, 475 B.R. 343, (Bankr.W.D.N.Y.2012) (Applying the two-factor test, the court declined to exercise its discretion to waive the filing fee where the debtor "arguably fulfill[ed] the first requirement for eligibility under section 1930(f)(1)" but "[w]ithin less than three weeks prior to the filing of her bankruptcy petition, [the debtor] collected more than $8,600 in proceeds from a refund anticipation loan" and court concluded that the debtor could have paid the $306.00 filing fee out of such funds.). In this case, the Court declined to exercise its discretion to waive the filing fee after concluding that Debtor could have paid the $306.00 filing fee out of the $7,300.00 tax refund she received.

consideration of, and for relief from the Court's October 3, 2013 Order, and denied the November 25 Motion, because it failed to meet the standard under LBR 9024–1(a)(3), and it did not "establish any valid ground under Fed.R.Civ.P. 60(b)(1), Fed.R.Bankr.P. 9024, or any other rule or statute, for relief from the Court's October 3, 2013 Order." (Docket # 26). That same day, the Court entered its Order dismissing this bankruptcy case due to Debtor's failure to pay the filing fee by the December 2, 2013 extended deadline, in violation of the October 3, 2013 Order (Docket # 28).

Debtor filed this bankruptcy case on May 9, 2013. The Court found, based on Debtor's Schedules B and C, that Debtor could afford to pay the $306.00 filing fee. The Court gave Debtor multiple extensions of the deadline to pay the filing fee, adding up to a total time of almost seven months after the petition date (December 2, 2013), and still Debtor paid $0 of the filing fee.

Under the circumstances, the Court concludes that Debtor's appeal is frivolous, and does not present a substantial question. Therefore, the appeal does not meet the good faith standard of 28 U.S.C. § 1915(a)(3).

Accordingly,

IT IS ORDERED that:

1. The Application (Docket # 33) is denied.

2. The Court certifies to the district court that under 28 U.S.C. § 1915(a), Debtor's appeal of the Dismissal Order is not taken in good faith.